## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------- X

| | |
|---|---|
| In re: | Chapter 11 |
| CAPMARK FINANCIAL GROUP INC., *et al*, | Case No. 09-13684 (CSS) |
| Debtors. | Jointly Administered |

CAPMARK FINANCE INC.,

        Plaintiff,

    v.

         Adv. Proc. No. 10-51065 (CSS)

151-45 SIXTH ROAD WHITESTONE PARTNERS
LLC, a Delaware limited liability company, TEVFIK
ARIF, an individual, BAYROCK GROUP, L.L.C., a
New York limited liability company, GMUL
INVESTMENT COMPANY LTD., an Israeli
registered company, AKRF ENGINEERING, P.C., a
New York professional corporation, AKRF, INC., a
New York corporation, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE
and JOHN DOES 1-10, the last ten names being
fictitious and unknown to plaintiff, the persons or
parties intended being the tenants, occupants, persons
or corporations, if any, having or claiming an interest
in or lien upon the premises described in the
complaint,

        Defendants.

------------------------------------------------- X

## MEMORANDUM OF PLAINTIFF CAPMARK FINANCE INC. IN SUPPORT OF ITS MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE FOR AN ORDER CONFIRMING AND AMENDING STATE COURT ORDER APPOINTING A RECEIVER FOR REAL PROPERTY LOCATED IN WHITESTONE, NEW YORK

Mark D. Collins (No. 2981)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Paul A. Keenan
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950

-and-

Martin J. Bienenstock
Michael P. Kessler
Judy G.Z. Liu
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000
Facsimile:  (212) 259-6333

*Attorneys for Plaintiff Capmark Finance Inc.*

Dated: June 1, 2010
         Wilmington, Delaware

# TABLE OF CONTENTS

**Page**

Table of Authorities ........................................................................................................ ii

Nature and Stage of the Proceeding .................................................................................1

Preliminary Statement ......................................................................................................2

Statement of Facts ............................................................................................................2

Jurisdiction and Venue .....................................................................................................5

Summary of Argument .....................................................................................................5

Argument ..........................................................................................................................6

Conclusion ........................................................................................................................8

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee,*
    Civ. A. Nos. 04-5633 to 04-5636, 2005 WL 435207
    (D. N.J. Feb. 25, 2005).................................................................................7

*In re Cassidy Land and Cattle Co., Inc.,*
    836 F.2d 1130 (8th. Cir. 1988) ....................................................................7

*Colorado Wool Marketing Ass'n v. Monaghan,*
    66 F.2d 313 (10th. Cir. 1933) ......................................................................6

*In re Continental Airlines,*
    203 F.3d 203 (3d. Cir. 2000).......................................................................7

*Coyle v. Skirvin,*
    124 F.2d 934 (10th. Cir. 1942) ...................................................................6

*Finney Continental Baking & Milling Corp.,*
    17 F.2d 107 (D. Ind. 1927) .........................................................................6

*In re Memorial Estates, Inc.,*
    797 F.2d 516 (7th. Cir. 1986) .....................................................................7

*In re Olympia & York Maiden Lane Co. LLC,*
    233 B.R. 662 (Bankr. S.D.N.Y. 1999).........................................................7

*In re Submicron Sys. Corp.,*
    432 F.3d 448 (3d. Cir. 2006).......................................................................6

*United States v. Energy Resources Co., Inc.,*
    495 U.S. 545 (1990).....................................................................................7

**Statutes and Rules**

11 U.S.C. § 105(a) ....................................................................................*passim*

11 U.S.C. § 105(b)............................................................................................7

11 U.S.C. § 541 ................................................................................................5

28 U.S.C. § 157................................................................................................5

28 U.S.C. § 1334................................................................................................5

28 U.S.C. § 1408................................................................................................5

28 U.S.C. § 1409................................................................................................5

28 U.S.C. § 1452................................................................................................4

Fed. R. Bankr. P. 9027.......................................................................................4

**Treatises**

Section 254 of Real Property Law of the State of New York........................7

77 C.J.S. Removal of Cases § 190 (June 2009).............................................6

2 Collier on Bankruptcy § 105.01 (15th Ed. 1999).......................................7

Capmark Finance Inc. ("CFI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors"),[1] respectfully submit this Memorandum of Law in Support of its Motion Pursuant to Section 105(a) of the Bankruptcy Code (as defined below) for an Order Confirming and Amending State Court Order Appointing a Receiver for Real Property Located in Whitestone, New York ("Memorandum of Law").

## Nature and Stage of the Proceeding

On October 25, 2009, each of the Debtors (other than Capmark Investments LP) commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On January 15, 2010, Capmark Investments LP commenced a voluntary case under chapter 11 of the Bankruptcy Code. On May 17, 2010, the above-captioned adversary proceeding was filed in this Court in connection with CFI's efforts to foreclose first and second mortgages held by CFI upon property located in Queens, New York (as more fully set forth below).

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc (2188), Capmark Capital Inc (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc (2381) and Capmark Investments LP (7999)  CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

1

## Preliminary Statement

In July 2009, EBI Consulting was appointed as a receiver by Order of the Supreme Court of the State of New York and authorized to supervise and manage the environmental remediation of vacant property located in Whitestone, New York in connection with a Foreclosure Action (as defined below) brought by CFI.

Several months later, CFI asked the New York State Court (as defined below) to expand the scope of the receiver order to allow EBI Consulting to enter into leases and collect rents. In January 2010, the New York State Court granted CFI's request. However, before an amending order could be entered, the Foreclosure Action was removed by certain of the defendants from the New York State Court to this Court.

In addition, the receiver, EBI Consulting, recently informed CFI that it may need to enter into easement agreements, restrictive covenants, grants, reservations and/or similar agreements to complete the environmental remediation. Accordingly, CFI respectfully requests that the Court confirm and amend the receiver order entered by the New York State Court and authorize EBI Consulting to enter into leases and collect rents, as well as enter into easements and restrictive covenants.

## Statement of Facts

A.    Appointment of the Receiver in the State Court Action.

On or about July 1, 2009, CFI commenced an action in the Supreme Court of the State of New York, County of Queens (the "New York State Court") bearing Index No. 17605/2009 (the "State Court Action") to foreclose first and second mortgages held by CFI upon certain premises situated in Whitestone, Queens County, New York (the "Mortgaged Premises"). The Mortgaged Premises consist of vacant land currently undergoing an environmental remediation.

On or about July 2, 2009, CFI filed a motion in the State Court Action for the appointment of EBI Consulting (the "Receiver") as a receiver of the Mortgaged Premises to, among other things, supervise and manage the ongoing remediation efforts at the Mortgaged Premises.  Because CFI was unaware of any tenants at the Mortgaged Premises and did not believe it would be necessary for the Receiver to enter into leases, CFI did not request that the New York State Court grant the Receiver the authority to enter into leases or collect rents.  A copy of the Affidavit of Chris Nielsen in support of CFI's motion for the appointment of the Receiver in the State Court Action (the "First Nielsen Affidavit") is attached as Exhibit A to the Declaration of Paul A. Keenan (the "Keenan Declaration") submitted in support of this motion.

On or about July 27, 2009, the New York State Court entered an order granting CFI's receiver application (the "Original Receiver Order").  The Original Receiver Order appointed EBI Consulting as receiver of the Mortgaged Premises and authorized EBI Consulting to, among other things, supervise and manage the environmental investigation and remediation work at the Mortgaged Premises.  A copy of the Original Receiver Order in the State Court Action is attached as Exhibit B to the Keenan Declaration.

B.      State Court Motion to Amend the Original Receiver Order.

After the Original Receiver Order was entered, the Receiver informed CFI that third parties were using portions of the Mortgaged Premises for the storage of construction equipment, apparently without written leases.  The Receiver further advised CFI that it desired to enter into leases and/or occupancy agreements with contractors performing services in connection with the ongoing environmental remediation of the Mortgaged Premises.  Because the Original Receiver Order did not expressly authorize the Receiver to enter into leases or collect rents, on or about September 29, 2009, CFI filed a motion in the State Court Action to amend the Original Receiver

3

Order to authorize the Receiver to, among other things, enter into leases and collect rents in its capacity as receiver of the Mortgaged Premises (the "Motion to Amend"). A copy of the Affidavit of Chris Nielsen in support of the Motion to Amend (the "Second Nielsen Affidavit") is attached as Exhibit C to the Keenan Declaration.

On or about January 4, 2010, the State Court issued a Memorandum granting the Motion to Amend and instructing CFI to submit an order. A copy of the January 4, 2010 Memorandum of the State Court is attached as Exhibit D to the Keenan Declaration.

C.    Removal of the State Court Action to the Chapter 11 Cases.

On January 22, 2010, Defendants 151-45 Sixth Road Whitestone Partners LLC, Bayrock Group, L.L.C. and GMUL Investment Company Ltd. filed a Notice of Removal with the United States District Court, Eastern District of New York (the "EDNY") for removal of the State Court Action from State Court to the EDNY pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Upon removal from the State Court to the EDNY, the parties consented to a transfer of the matter to United States District Court for the District of Delaware so that the matter could proceed as an adversary proceeding in the Debtors' bankruptcy proceedings.

The New York State Court did not enter an order to amend the Original Receiver Order. On April 7, 2010, the New York State Court filed a copy of CFI's proposed form of Order to amend the Original Receiver Order with a notation that the signature was declined with leave to renew granted upon submission of an affirmation specifying the reason a Massachusetts bank was selected for deposits of rent and a rent roll for the Mortgaged Premises. A copy of the proposed form of Order amending the Original Receiver Order, with the notation from the New York State Court, is attached as Exhibit E to the Keenan Declaration.

As set forth in the Keenan Declaration, a Massachusetts bank was selected for the deposits of rent because the Receiver is located in Massachusetts. The Receiver is, however, authorized to do business in New York. A current rent roll for the Mortgaged Premises is not available because the Receiver has not yet executed any leases in connection with the Mortgaged Premises and has not been provided with copies of any leases relating to the Mortgaged Premises.

## Jurisdiction and Venue

This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E),(K),(M) and (O). The first and second mortgages held by CFI upon the Mortgaged Premises constitute property of the Debtors' estates pursuant to 11 U.S.C. § 541 and the relief requested herein is necessary to protect the value of the Debtor's collateral during the pendency of this adversary proceeding and during their chapter 11 cases. Pursuant to 28 U.S.C. § 1334(e), this Court has exclusive jurisdiction of all of the property, wherever located, of a debtor and of property of the estate.

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Summary of Argument

The Court should enter an order confirming that the Receiver may continue to act in its capacity as receiver of the Mortgaged Premises in accordance with the Original Receiver Order pursuant to well-established law holding that, upon removal, a federal court takes a case subject to orders issued by the state court.

Further, the Court should utilize its broad authority under section 105(a) of the Bankruptcy Code to not only enforce the Original Receiver Order, but also amend its scope to permit the Receiver the right to (a) enter into leases, collect and receive rents and to exercise

5

certain related rights in connection therewith, and (b) enter into any easement agreements, restrictive covenants, grants, reservations and/or other similar agreements with respect to the Mortgaged Premises it deems necessary or desirable in connection with the environmental remediation of the Mortgaged Premises.

### Argument

A.    This Court Should Confirm and Expand the Scope of the
      Original Receiver Order

There is ample authority for this Court to both confirm and amend the scope of the Original Receiver Order to provide the Receiver with additional tools to efficiently manage and complete environmental remediation of the Mortgaged Premises. As an initial matter, it is black letter law that upon removal a federal court takes a case subject to orders issued by the state court, including orders with respect to the appointment of a receiver. "On removal of a cause to federal court, an order of the state appointing a receiver, and the powers thereby conferred, remain in full force and effect until dissolved or modified by order of the federal court." 77 C.J.S. Removal of Cases § 190 (June 2009) (citing *Coyle v. Skirvin*, 124 F.2d 934 (10th. Cir. 1942) and *Colorado Wool Marketing Ass'n v. Monaghan*, 66 F.2d 313 (10th. Cir. 1933)). "In other words, a receiver appointed by a state court remains in possession and in office after the removal of the case to a federal court." *Id.* (citing *Finney v. Continental Baking & Milling Corp.*, 17 F.2d 107 (D. Ind. 1927)).

Further, this Court -- as a bankruptcy court -- is afforded broad equitable powers and the ability under section 105(a) of the Bankruptcy Code to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see, e.g.*, *In re Submicron Sys. Corp.*, 432 F.3d 448, 454 n.6 (3d Cir. 2006) ("Bankruptcy courts' general powers of equity are codified at 11 U.S.C. § 105(a) . . ..").

6

The purpose of section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 at 105-6 (15th ed. 1999) (collecting cases). This is consistent with the broad equitable authority of the bankruptcy courts. *See, e.g., United States v. Energy Resources Co., Inc.*, 495 U.S. 545, 549 (1990); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code"); *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee*, 2005 WL 435207, *14 (D. N.J. Feb. 25, 2005) (reciting the power of the bankruptcy court to "... issue any order ... that is necessary or appropriate to carry out the provisions of ... [title 11]").[2]

Here, CFI requests two modifications to the Original Receiver Order that was entered by the New York State Court in accordance with Subdivision 10 of Section 254 of the Real Property Law of the State of New York.[3] The first modification would authorize the Receiver to enter into leases and collect rents in connection with the parking and storage of equipment on the

---

[2] Section 105(b) of the Bankruptcy Code prohibits the appointment of a receiver for the bankruptcy estate. However, numerous courts have held that the prohibition detailed in section 105(b) refers only to the appointment of a receiver *in lieu* of a trustee, and does not address the power of the bankruptcy court to appoint a receiver for the limited purpose of administering mortgaged property pending the disposition of a foreclosure proceeding. *See In re Cassidy Land and Cattle Co., Inc.*, 836 F.2d 1130, 1133 (8th Cir. 1988) (holding that the appointment of a receiver by the bankruptcy court in connection with a foreclosure proceeding instituted by the debtor was not subject section 105(b)); *In re Memorial Estates, Inc.*, 797 F.2d 516, 520 (7th Cir. 1986) (section 105(b) does not limit a bankruptcy court's ability to appoint a receiver in a separate controversy between a creditor and the debtor); *In re Olympia & York Maiden Lane Co. LLC*, 233 B.R. 662, 666-667 (Bankr. S.D.N.Y. 1999) (same). Thus, section 105(b) of the Bankruptcy Code does not circumscribe this Court's ability under section 105(a) to confirm and amend the Original Receiver Order.

[3] Section 254 of the Real Property Law of the State of New York provides:

Mortgagee Entitled To Appointment Of Receiver. A covenant "that the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver," must be construed as meaning that the mortgagee, his heirs, successors or assigns, in any action to foreclose the mortgage, shall be entitled, without notice and without regard to the adequacy of any security of the debt, to the appointment of a receiver of the rents and profits of the premises covered by the mortgage; and the rents and profits in the event of any default or defaults in paying the principal, interest, taxes, water rents, assessments or premiums of insurance, are assigned to the holder of the mortgage as further security for the payment of the indebtedness.

7

Mortgaged Premises. As set forth above, the New York State Court had orally granted CFI's Motion to Amend, but the State Court Action was removed to this Court before CFI could clarify for the New York State Court why the depository bank is located in Massachusetts, and provide the New York State Court with a copy of the rent roll as requested by the New York State Court.[4] As set forth in the Keenan Declaration, the Court should expand the Original Receiver Order to authorize the Receiver to enter into leases and collect rents.

The second requested modification to the Receiver Order would authorize the Receiver to enter into easement agreements and restrictive covenants and/or similar agreements as may be necessary in connection with the Receiver's environmental remediation efforts. For example, as noted in the Keenan Declaration, approval of the completion of the environmental remediation project at the Mortgaged Premises by the New York State Department of Environmental Conservation requires the Receiver to sign and arrange for the recordation of a mandated environmental easement designed to ensure the continued integrity and maintenance of engineered barriers that will prevent human exposure to residual constituents of concern. In sum, confirming and amending the scope of the Original Receiver Order as requested above provides the Receiver with needed flexibility to manage and otherwise complete the environmental remediation of the Mortgaged Premises.

## Conclusion

Pursuant to the Bankruptcy Code and the Court's general equitable powers, this Court should enter into an order (a) granting the Receiver the right to enter into enter into leases, collect and receive rents and to exercise certain related rights in connection therewith, (b) granting the Receiver the right to enter into any easement agreements, restrictive covenants,

---

[4] As discussed in the Keenan Declaration, a rent roll is not available because the Receiver has not executed any leases and is unaware of any lease agreements relating to the Mortgaged Premises.

grants, reservations and/or other similar agreements with respect to the Mortgaged Premises it deems necessary or desirable in connection with the environmental remediation of the Mortgaged Premises and (c) reaffirming that the Receiver otherwise continue to act in its capacity as receiver of the Mortgaged Premises in accordance with the Original Receiver Order.

Dated: June 1, 2010
      Wilmington, Delaware

Mark D. Collins (No. 2981)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Paul A. Keenan
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950

-and-

Martin J. Bienenstock
Michael P. Kessler
Judy G.Z. Liu
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-6333

*Attorneys for Plaintiff Capmark Finance Inc.*